# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25136888**
**Date Processed: 06/29/2022**

| | |
|---|---|
| **Primary Contact:** | Sabrina Mizrachi<br>The Estee Lauder Companies Inc.<br>110 E 59th St<br>Fl 36<br>New York, NY 10022-1372 |
| **Electronic copy provided to:** | Deirdre Stanley<br>Lauren Farkas<br>Christina Feeny<br>Diane Konz<br>Spencer Smul<br>Kents Sanchez |

| | |
|---|---|
| **Entity:** | Make-Up Art Cosmetics Inc.<br>Entity ID Number  1758658 |
| **Entity Served:** | Make-Up Art Cosmetics, Inc. |
| **Title of Action:** | Melissa Epstein vs. Make-Up Art Cosmetics, Inc. |
| **Matter Name/ID:** | Melissa Epstein vs. Makeup Art Cosmetics, Inc. (12498768) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV16574 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/22/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Konell Ruggiero LLP<br>213-538-1360 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



1  Cheryl Ruggiero (SBN 146885)
   KONELL RUGGIERO LLP
2  401 Wilshire Blvd., 12th Floor
   Santa Monica, CA  90401
3  Phone 213-538-1360; Fax 213-599-3222
   E-Mail: cheryl@konellruggiero.com

4
   Attorneys for Plaintiff, MELISSA EPSTEIN

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  MELISSA EPSTEIN,                    CASE NO.  22STCV16574
                                        *Assigned to Hon. Stephen I. Goorvitch, Dept. 39*
12              Plaintiff,              *Unlimited Civil Action*

13      vs.                             **FIRST AMENDED COMPLAINT FOR
                                        DAMAGES:**
14  MAKE-UP ART COSMETICS, INC., a
    Delaware Corporation; ESTÉE LAUDER  **[Potential PAGA Representative Action]**
15  INC., a Delaware Corporation; THE ESTÉE
    LAUDER COMPANIES INC., a Delaware   1. **Failure to Provide Meal Breaks
16  Corporation; and DOES 1 – 25, inclusive,  (Cal. Lab. Code §§ 226.7 and 512)**
                                        2. **Failure to Provide Rest Breaks (Cal. Lab.
17              Defendants.             Code § 226.7 and Wage Order 7)**
                                        3. **Failure to Pay Overtime (Cal. Lab. Code
18                                      §§ 510, 1194, and 1198,**
                                        4. **Failure to Provide Accurate Wage
19                                      Statements (Cal. Lab. Code § 226)**
                                        5. **Waiting Time Penalties
20                                      (Cal. Labor Code §§ 201 and 203)**
                                        6. **Age Discrimination (FEHA)**
21                                      7. **Failure to Prevent/Correct Discrimination
                                        (FEHA)**
22                                      8. **Wrongful Termination in Violation of
                                        Public Policy**
23                                      9. **Unfair Business Practices (Cal. Bus. and
                                        Prof. Code § 17200 *et seq.*)**
24
                                        **JURY TRIAL DEMANDED**
25
                                        **Action Filed: 05/19/2022**
26

27  ///

28  ///

                            - 1 -

Electronically Received 06/16/2022 04:56 PM

1    Plaintiff MELISSA EPSTEIN complains and alleges as follows:

2                    **I.   SUMMARY**

3       1.   This is an action by Plaintiff MELISSA EPSTEIN, whose employment with Defendants

4    was fraught with Labor Code violations and discrimination, ultimately concluding with her

5    wrongful termination.  Plaintiff brings this action against Defendants for economic, non-economic,

6    compensatory, special, and punitive damages, pre-judgment interest, and costs and reasonable

7    attorneys' fees.

8                   **II.  PARTIES**

9       2.   Plaintiff EPSTEIN ("Plaintiff" and/or "EPSTEIN") is, and at all times mentioned in this

10   First Amended Complaint was, a resident of the County of Los Angeles, California.

11      3.   Defendant MAKE-UP ART COSMETICS, INC., a Delaware Corporation, is, and at all

12   times mentioned in this First Amended Complaint was, authorized to operate by the State of

13   California and the United States government and authorized and qualified to do business in the

14   County of Los Angeles.  Defendant's place of business, where the following causes of action took

15   place, was and is in the County of Los Angeles, California.

16      4.   Defendant ESTÉE LAUDER INC., a Delaware Corporation, is, and at all times mentioned

17   in this First Amended Complaint was, authorized to operate by the State of California and the

18   United States government and authorized and qualified to do business in the County of Los

19   Angeles.  Defendant's place of business, where the following causes of action took place, was and

20   is in the County of Los Angeles, California.

21      5.   Defendant THE ESTÉE LAUDER COMPANIES INC., a Delaware Corporation, is, and

22   at all times mentioned in this First Amended Complaint was, authorized to operate by the State of

23   California and the United States government and authorized and qualified to do business in the

24   County of Los Angeles.  Defendant's place of business, where the following causes of action took

25   place, was and is in the County of Los Angeles, California.

26      6.   Defendants Does 1 to 25, inclusive, are sued under fictitious names pursuant to Code of

27   Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each

28   of the defendants sued under fictitious names is in some manner responsible for the wrongs and

- 2 -

1   damages alleged below, in so acting was functioning as the agent, servant, partner, and employee

2   of the co-defendants, and in taking the actions mentioned below was acting within the course and

3   scope of his or her authority as such agent, servant, partner, and employee, with the permission and

4   consent of the co-defendants.  The named defendants and Doe defendants are sometimes hereafter

5   referred to, collectively and/or individually, as "Defendants."

6       7.   All Defendants compelled, coerced, aided, and/or abetted the discrimination and other acts

7   or omissions to act as alleged in this First Amended Complaint, which conduct is prohibited

8   under California Government Code section 12940(i) and various Labor Code sections.  All

9   Defendants were responsible for the events and damages alleged herein, including on the following

10  bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the

11  Defendants was the agent or employee, and/or acted under the control or supervision, of one or

12  more of the remaining Defendants and, in committing the acts alleged, acted within the course and

13  scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c)

14  at all relevant times, there existed a unity of ownership and interest between or among two or more

15  of the Defendants such that any individuality and separateness between or among those Defendants

16  has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination

17  and control over one another to such an extent that any individuality or separateness of Defendants

18  does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate

19  existence of Defendants would permit abuse of the corporate privilege and would sanction fraud

20  and promote injustice.  All actions of all Defendants were taken by employees, supervisors,

21  executives, officers, and directors during employment with all Defendants, were taken on behalf of

22  all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

23      8.   Defendants, both directly and indirectly, were employers of Plaintiff EPSTEIN, as defined

24  in the applicable Wage Order and the Fair Employment and Housing Act ("FEHA") at Government

25  Code section 12926(d).

26      9.   In addition, Defendants compelled, coerced, aided, and abetted the Labor Code violations

27  and discrimination, prohibited under California law.

28  ///

1    10.  At all relevant times mentioned herein, all Defendants acted as agents of all other

2   Defendants in committing the acts alleged herein.

3    11.  All named Defendants will be referred to hereinafter as "MAC."  And "Defendant(s)"

4   refers to all Defendants including Doe Defendants.

5                        **III. JURISDICTION AND VENUE**

6    12.  Pursuant to California Code of Civil Procedure § 410.10, this Court has jurisdiction over

7   Defendants because each Defendant is a person or a business entity that is a resident and/or

8   business entity that is established, incorporated, and/or has sufficient minimum contacts with the

9   State of California so far as to render exercise of jurisdiction over them consistent with traditional

10   notions of fair play and substantial justice.  Further, damages exceed the jurisdictional minimum of

11   this Court.

12    13.  Venue is proper in this Court, pursuant to Code of Civil Procedure § 395.5, because

13   Defendants' liabilities and obligations to Plaintiff arose in the County of Los Angeles.  All actions

14   at issue in this case occurred in the State of California and County of Los Angeles.  Under the

15   FEHA, this case can, alternatively, at Plaintiff's choice, be filed: "[I]n any county in the state in

16   which the unlawful practice is alleged to have been committed, in the county in which the records

17   relevant to the practice are maintained . . . or in the county in which the aggrieved person would

18   have worked or would have had access to the public accommodation but for the alleged unlawful

19   practice, but if the defendant is not found within any of these counties, an action may be brought

20   within the county of the defendant's residence or principal office . . ."  (California Government

21   Code § 12965(b).)

22                        **IV. ADMINISTRATIVE REMEDIES**

23    14.  On November 19, 2021, Plaintiff filed a Complaint of Discrimination with the FEHA;

24   Plaintiff amended that Complaint later that same day.  Plaintiff received the Notices of Case

25   Closure and Right to Sue on November 19, 2021.

26    15.  On March 22, 2022, Plaintiff submitted a Complaint with the Labor and Workforce

27   Development Agency pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor

28   / / /

1  Code §§ 2698, *et seq.*)  Plaintiff may, after the requisite 60 days or other date as indicated by that

2  Agency, seek leave to amend this First Amended Complaint, adding penalties under the Private

3  Attorneys General Act.

4  ## V.   GENERAL ALLEGATIONS

5  15.  Plaintiff is female and was born in February 1980; she was over 40 years of age at the

6  time of her termination from MAC.

7  16.  From about March 1998 to about March 2007, Plaintiff worked at the MAC counter of a

8  Nordstrom department store in Topanga, California.  In or about April 2007, Plaintiff was hired to

9  work directly for MAC as a non-exempt employee, starting her career in Malibu as a MAC artist

10 and salesperson.  Within a year, Plaintiff was promoted to "Key Holder" at the store with an

11 increase in her hourly wage.  Throughout her career with MAC, Plaintiff regularly earned hourly

12 pay raises and good to exceptional performance evaluations.

13 17.  In or around September 2015, Plaintiff transferred from the MAC Malibu Store to the

14 MAC Westlake Village Store, again in the non-exempt position of Key Holder, earning an increase

15 in her hourly wage.  In or around July 2017, Plaintiff was demoted from full time to part time

16 employment at the Westlake Village location due to MAC's "restructuring/reorganization,"

17 working approximately 28 hours per week.  However, Plaintiff's Store Manager at the time was

18 still working Plaintiff at 30 hours or more a week due to the needs of the store's business and short

19 staffing.  Despite this, Plaintiff lost all medical insurance even though she was still working as if

20 she were a full-time employee.  After a few months, in or around October 2017, Plaintiff was

21 reinstated to full time employment of 30 hours per week.  About a year later, in or around

22 September 2018, Plaintiff was transferred to the MAC Culver City Store, still in the position of

23 Key Holder.  Soon thereafter, an incident occurred that changed everything.

24 18.  The most important factor for continuing employment at MAC is meeting one's sales

25 goals – the amount of money in sales one brings in for MAC on a daily and monthly basis.  Getting

26 credit for the sale, as well as the resulting commission, is key.

27 19.  In or around late 2018 or early 2019, a customer by the name of "Tom" visited the MAC

28 Culver City Store and purchased numerous products, resulting in a significant sale.  Plaintiff and a

- 5 -

1  co-worker were asked by store management to pull the numerous products requested by "Tom,"

2  which they did.  After the sale concluded, Plaintiff specifically asked her manager how he wanted

3  her to ring up the sale, which would determine the commission.  Both the Store Manager and the

4  Assistant Store Manager instructed Plaintiff to split the sales commission, which she did.

5  Apparently, "Tom" was known by some MAC employees and was suspected of re-selling MAC

6  products to China.  Plaintiff, however, knew nothing about "Tom" and had no idea that some

7  people at MAC suspected him of re-selling MAC products to China.  This prohibited "diversion" of

8  products by "Tom" was something MAC intended to thwart.

9      20.  On March 23, 2019, Plaintiff received a "Misconduct Warning."  This Warning stated,

10  among other things, that "The Estee Lauder Companies has determined that [Plaintiff] engaged in

11  inappropriate workplace behavior, including but not limited to Failure to follow procedures for

12  cash handling and sales transactions, Misuse of employee discount privileges."  The notice went on

13  to warn: "Failure to immediately stop this behavior, any reoccurrence of this behavior, or any other

14  inappropriate behavior may result in further disciplinary action, up to and including immediate

15  termination without additional warning."  Plaintiff continued her employment without any further

16  alleged problems, failures, or warnings.

17      21.  At or around the end of May 2021, Plaintiff was sent to the MAC Topanga Store to help

18  train a new team there.  Sometime thereafter, Plaintiff was sent to a hotel room to be interviewed

19  by a male employee from Loss Prevention at MAC regarding "Tom" at the MAC Culver City

20  Store.  Plaintiff remained alone in the room with this male Loss Prevention officer for about 15 to

21  20 minutes waiting for Human Resources Manager Lisa Guadan to arrive.  This Loss Prevention

22  officer started off by asserting that they had been investigating "Tom" since 2015.  The officer

23  assumed Plaintiff had dealt with "Tom" before, which Plaintiff vehemently denied; she had never

24  known of him and had never heard of him.  During the interrogation, Plaintiff explained the

25  incident to the officer to the best of her ability.  Later, Plaintiff received two separate telephone

26  calls from management telling her she had been "cleared" and could go back to work.  Plaintiff was

27  not placed on administrative leave on the day of the interrogation, unlike her former coworkers and

28  management team.

- 6 -

22. On or about July 19, 2021, Plaintiff received a text message from her former MRSO (Manager, Retail Sales and Operations) stating that the Assistant Manager position in Topanga had posted and that she (the MRSO) would like to set up an interview for Plaintiff for that position. Therefore, Plaintiff applied for the Assistant Manager position at the MAC Topanga Store. On July 26, 2021, Plaintiff was interviewed for that position and, three days later, was offered the job. On August 3, 2021, Plaintiff received MAC's written offer for the Assistant Manager position, which she electronically accepted. However, inexplicably, eight days later, Plaintiff was terminated from her employment with MAC. The internal electronic letter from HR Manager Lisa Guadan, dated and effective August 11, 2021, stated that Plaintiff was terminated due to her "inability to meet company standards."

23. At all relevant times, MAC was the employer of Plaintiff within the meaning of Section 2(F) of Industrial Welfare Commission Order No. 7-2001 ("Wage Order 7") and Labor Code § 18 in that MAC exercised control over the wages, hours, and/or working conditions of Plaintiff.

24. At all relevant times, Plaintiff has been both an "employee" within the meaning of Section 2(E) of Wage Order 7 and an "aggrieved employee" within the meaning of Labor Code § 2699(c). At all relevant times, Plaintiff has been a non-exempt employee of MAC and is entitled to the full protections of the Labor Code and the applicable Wage Order.

25. During Plaintiff's tenure with MAC, she rarely was allowed to take a full rest period or lunch break, as she often was the only salesperson in the store and/or the expectation and pressure from above was to work through those legally mandated rest periods and lunch breaks. Taking such rest breaks would mean Plaintiff and other similarly situated employees were not appropriately motivated and, therefore, not suitable for advancement.

26. Similarly, during Plaintiff's tenure with MAC, working overtime was expected, but MAC avoided paying for overtime. Plaintiff regularly worked overtime without receiving from MAC the legally mandated compensation to which she was entitled.

27. Because MAC failed to pay Plaintiff for missed meal and rest periods and overtime, MAC failed to timely pay Plaintiff all wages due at the time of her discharge and failed to pay waiting

/ / /

- 7 -

1  time penalties pursuant to the Labor Code.  In addition, these failures on the part of MAC

2  necessarily resulted in MAC providing Plaintiff inaccurate wage statements.

3      28.  As a result of MAC's misconduct, acts, and omissions to act, Plaintiff has suffered, and

4  continues to suffer, emotional distress including, without limitation, depression, anxiety,

5  humiliation, loss of self-esteem, and physical manifestations arising therefrom.  Accordingly,

6  Plaintiff's physical and mental wellbeing have been negatively impacted.  Plaintiff also has lost

7  earnings and has been unable to obtain a comparable position.

8      29.  Rather than compensate Plaintiff fairly and comply with labor protection laws, Defendants

9  sought to illegally benefit from the insufficiently compensated labor of Plaintiff and numerous

10  other employees.

## VI.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Unpaid Missed Meal Breaks (Labor Code §§ 226.7 and 512)

#### Against All Defendants

15      30.  The allegations set forth in the preceding paragraphs are re-alleged and incorporated

16  herein by reference.

17      31.  At all times herein mentioned, Labor Code § 218 authorizes employees to sue their

18  employers directly for any wages or penalties due to them under this article of the California

19  Labor Code.

20      32.  At all times herein mentioned, Labor Code § 226.7(a) provides that no employer shall

21  require an employee to work during any meal period mandated by an applicable order of the

22  Industrial Welfare Commission (the "IWC").

23      33.  At all times herein mentioned, Labor Code § 512(a) provides that an employer may not

24  employ an employee for a work period of more than five (5) hours per day without providing the

25  employee with a meal period of not less than thirty (30) minutes, except that if the total work

26  period per day is not more than six (6) hours, the meal period may be waived by mutual consent of

27  both the employer and the employee.

28  / / /

34. During the relevant time period, Plaintiff was required to work in excess of five (5) hours without receiving an uninterrupted meal period of not less than thirty (30) minutes.

35. Defendants fostered a work environment where the taking of uninterrupted thirty (30) minute meal breaks by their employees was frowned upon and/or prohibited because Defendants were more concerned about their profit margins than their employees' welfare and rights. As such, Plaintiff could not take any thirty (30) minute uninterrupted meal breaks without the risk of being poorly evaluated and, ultimately, terminated.

36. Defendants' conduct violates Labor Code §§ 226.7(a) and 512(a), as well as Wage Order 7 relating to meal breaks, tracking language of the Labor Code.

37. Pursuant to Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendants one (1) additional hour of pay Plaintiff's regular rate of compensation for each work day that a meal period was not provided, for a three-year statutory period dating back from the commencement of this action.

38. Pursuant to Labor Code § 558, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each pay period for which Plaintiff was underpaid in addition to an amount sufficient to recover underpaid wages, and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which Plaintiff was underpaid in addition to an amount sufficient to recover underpaid wages.

## SECOND CAUSE OF ACTION

### Unpaid Missed Rest Breaks (Labor Code § 226.7 and IWC Wage Order 7)

### Against All Defendants

39. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

40. At all times herein mentioned, Labor Code § 218 authorizes employees to sue their employers directly for any wages or penalty due to them under this article of the California Labor Code.

41. At all times herein mentioned, Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

- 9 -

Section 12 of Wage Order 7 states: "(A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.  (B)  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

42.  During the relevant time period, Plaintiff worked more than 3.5 hours but regularly and often was not allowed to take uninterrupted rest periods.

43.  Defendants' conduct, as alleged herein, violates Wage Order No. 7 and Labor Code § 226.7(a), which provides that no employer shall require any employee to work during any rest period mandated by an applicable order of the IWC.

44.  Pursuant to Wage Order No. 7 and Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at Plaintiff's rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

45.  Pursuant to Labor Code § 558, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each pay period for which Plaintiff was underpaid in addition to an amount sufficient to recover underpaid wages, and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which Plaintiff was underpaid in addition to an amount sufficient to recover underpaid wages.

### THIRD CAUSE OF ACTION

### Unpaid Overtime (Labor Code §§ 510, 1194 and 1198)

### Against All Defendants

46.  The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

- 10 -

47.  At all times herein mentioned, Labor Code § 218 authorizes employees to sue their employers directly for any wages or penalties due to them under this article of the California Labor Code.

48.  At all times herein mentioned, Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours set by the IWC.

49.  At all times herein mentioned, IWC Wage Order 7, which is applicable to Plaintiff, provides that employees working more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one half (1.5) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week.  An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.

50.  Labor Code § 510 codifies the right to overtime compensation at the rate of one-and-one-half (1.5) the regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week, or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

51.  During Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of eight (8) hours in one (1) work day and forty (40) hours in one (1) work week.

52.  However, during the relevant time period, Defendants failed and refused to pay all premium overtime wages owed to Plaintiff.

53.  Defendants' failure and refusal to pay Plaintiff the unpaid balance of premium overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

54.  Pursuant to Labor Code § 1194, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, as well as interest at the maximum legal rate, costs, and attorneys' fees.

55.  Pursuant to Labor Code § 558, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each pay period for which Plaintiff was underpaid in addition to an amount sufficient

FIRST AMENDED COMPLAINT FOR DAMAGES

1  to recover underpaid wages, and for each subsequent violation, one hundred dollars ($100.00) for

2  each pay period Plaintiff was underpaid in addition to an amount sufficient to recover underpaid

3  wages.

4                          **FOURTH CAUSE OF ACTION**

5           **Failure to Furnish Accurate Wage Statements (Labor Code §§ 226 and 226.3)**

6                              **Against All Defendants**

7       56.  The allegations set forth in the preceding paragraphs are re-alleged and incorporated

8  herein by reference.

9       57.  At all times herein mentioned, Labor Code § 218 authorizes employees to sue their

10  employers directly for any wages or penalties due to them under this article of the California Labor

11  Code.

12      58.  Labor Code § 226(a) mandates that employers provide their employees, along with the

13  employees' paychecks, "an accurate itemized statement in writing."

14      59.  Plaintiff is informed and believes and, on the basis of such information and belief, alleges

15  that Defendants failed to provide accurate wage statements to Plaintiff pursuant to Labor Code §

16  226(a) because it was Defendants' intent to avoid paying Plaintiff the correct wages, more

17  specifically the overtime wages and the additional hour of pay for each missed meal and rest break

18  per workday to which Plaintiff was legally entitled.

19      60.  Pursuant to Labor Code § 226(e), Plaintiff is entitled to recover from Defendants, for

20  Defendants' violation of Labor Code § 226(a), the greater of all actual damages or fifty dollars

21  ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00)

22  for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand

23  ($4,000).

24      61.  Moreover, Plaintiff is entitled to recover an award of costs and attorneys' fees.

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties (Labor Code §§ 201 and 203)

### Against All Defendants

62. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

63. At all times herein mentioned, Labor Code § 218 authorizes employees to sue their employers directly for any wages or penalties due to them under this article of the Labor Code.

64. Labor Code § 201 mandates, in part, that if "an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately."

65. Labor Code § 203 provides, in part, that if "an employer willfully fails to pay, without abatement or reduction, in accordance with Sections [201 or 202], any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

66. Plaintiff is informed and believes and, on the basis of such information and belief, alleges that Defendants failed to pay all wages due to Plaintiff upon her discharge pursuant to Labor Code § 201 because it was Defendants' intent to avoid paying Plaintiff the correct wages, more specifically the overtime wages and the additional hour of pay for each missed meal and rest break per workday to which Plaintiff was legally entitled.

67. Pursuant to Labor Code § 203, Plaintiff is entitled to recover from Defendants, for Defendants' violation of Labor Code § 201, any continued penalty wages arising from said violations.

68. Moreover, Plaintiff is entitled to an award of costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### Discrimination on the Basis of Age (FEHA)

### Against All Defendants

69. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

- 13 -

70. At all times herein mentioned, FEHA (Government Code section 12940, *et seq.*), was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee because of age (40 years of age or older), as well as other characteristics included in FEHA's defined protected classes.

71. Plaintiff is informed and believes and thereon alleges that Plaintiff's age was a motivating factor in Defendants' decision to terminate Plaintiff's employment after initially offering Plaintiff a promotion, which Plaintiff had accepted a week prior to her termination. Defendants accused Plaintiff of failing to follow company policies, pretextually referring to one or more incidents that had occurred about two and one-half (2.5) years earlier.

72. Over the years, and during Plaintiff's tenure with MAC, Defendants demonstrated a pattern and practice of discharging older make-up artists and salespersons because they no longer reflected the image MAC requires – young, trendy, edgy. In addition to lacking the youth and edginess consistent with MAC's image, older employees often are paid more due to their seniority. California Government Code section 12941 provides, in relevant part, the following: "The Legislature declares its intent that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and further declares its intent that the disparate impact theory of proof may be used in claims of age discrimination. The Legislature further reaffirms and declares its intent that the courts interpret the state's statutes prohibiting age discrimination in employment broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers."

73. Plaintiff is informed and believes and thereon alleges that Defendants used salary and compensation as the basis for differentiating between employees, adversely impacting Plaintiff and other older employees as a group, which was a substantial factor in causing Plaintiff's harm.

74. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, as well as the disparate impact of Defendants' decision to use compensation as a

///

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | basis for terminating older employees, Plaintiff has sustained and continues to sustain substantial

2 | losses of earnings and other employment benefits.

3 | 75. As a proximate result of Defendants' willful, knowing, and intentional discrimination

4 | against Plaintiff, as well as the disparate impact of Defendants' decision to use compensation as a

5 | basis for terminating older employees, Plaintiff has suffered and continues to suffer humiliation,

6 | emotional distress, and mental and physical pain and anguish, all to her damage in a sum according

7 | to proof.

8 | 76. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant

9 | to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and

10 | costs (including expert costs) in an amount according to proof.

11 | 77. Defendants' discrimination was committed intentionally, in a malicious, fraudulent,

12 | despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against

13 | Defendants.

14 | **SEVENTH CAUSE OF ACTION**

15 | **Failure to Prevent/Correct Discrimination (FEHA)**

16 | **Against All Defendants**

17 | 78. The allegations set forth in the preceding paragraphs are re-alleged and incorporated

18 | herein by reference.

19 | 79. At all times herein mentioned, FEHA, and specifically Government Code § 12940(k), was

20 | in full force and effect and was binding on Defendants. This statute states that it is an unlawful

21 | employment practice in California for an employer "to fail to take all reasonable steps necessary to

22 | prevent discrimination and harassment from occurring."

23 | 80. During the course of Plaintiff's employment, Defendants failed to prevent their employees

24 | from engaging in intentional actions that resulted in Plaintiff being treated less favorably because

25 | of Plaintiff's age.

26 | 81. Plaintiff believes that she was subjected to discrimination because of her age.

27 | ///

28 | ///

- 15 -

82. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

83. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

84. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### Wrongful Employment Termination in Violation of Public Policy

### (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against All Defendants

85. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

86. The actions of Defendants as alleged herein violated the Government Code, in addition to other statutes, policies, rules and regulations. Said violations were substantial and were the legal and/or proximate cause of harm, damage and injury to Plaintiff as set forth herein.

87. At all times herein mentioned, California Government Code § 12920 states in pertinent part that: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." At all times herein mentioned, California Government Code § 12921(a) states: "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic

/ / /

- 16 -

1    information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or

2    veteran or military status is hereby recognized as and declared to be a civil right."

3        88.  Defendants, by and through the actions of their managing agents, discriminated against or

4    otherwise knew of and ratified the discrimination and ultimate discharge of Plaintiff.  Said

5    discrimination and termination of Plaintiff's employment was a violation of public policy and

6    violated and abridged Plaintiff's opportunity to hold employment without discrimination on the

7    basis of age.

8        89.  Defendants wrongfully terminated Plaintiff's employment in violation of various other

9    fundamental public policies underlying both state and federal laws including, but not limited to, the

10   California Labor Code and the California Constitution.

11       90.  As a proximate result of Defendants' wrongful termination of Plaintiff's employment in

12   violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation,

13   emotional distress, and mental and physical pain and anguish, all to her damage in a sum according

14   to proof.

15       91.  As a proximate result of Defendants' wrongful termination of her employment, Plaintiff

16   has suffered general and special damages in sums according to proof.

17       92.  Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a

18   malicious, fraudulent, and/or oppressive manner, and this entitles Plaintiff to punitive damages.

19       93.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant

20   to Code of Civil Procedure §§ 1021.5 and 1032, *et seq.*, Plaintiff is entitled to recover reasonable

21   attorneys' fees and costs in an amount according to proof.

22                                  **NINTH CAUSE OF ACTION**

23          **Unfair Business Practices (Business and Professions Code § 17200 *et seq.*)**

24                                  **Against All Defendants**

25       94.  The allegations set forth in the preceding paragraphs are re-alleged and incorporated

26   herein by reference.

27       95.  Defendants' conduct as alleged herein, including, without limitation, failing to compensate

28   their employees pursuant to California labor laws and discriminating against their employees in

- 17 -

1    violation of the FEHA, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and

2    to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within

3    the meaning of California Code of Civil Procedure § 1021.5.

4      96.  Defendants' conduct, as alleged herein, are violations of California law and constitute

5    unfair and unlawful business acts and practices in violation of Business and Professions Code

6    § 17200 *et seq.*

7      97.  A violation of Business and Professions Code § 17200 *et seq.* may be predicated on the

8    violation of any state or federal law.  In this instant case, Defendants' policies and practices violate,

9    among other things, California's laws prohibiting discrimination, wrongful termination of

10    employment, and wage and hour violations under the Labor Code and applicable Wage Order, as

11    set forth above.

12      98.  Among other violations, Defendants have violated Government Code § 12900 *et seq.*

13    (FEHA), Labor Code §§ 201, 202, 226, 226.3, 226.7, 510, 512, and Wage Order 7-2001.  These

14    violations of state statutes, rules, and regulations constitute unlawful business acts and practices in

15    violation of Business and Professions Code § 17200 *et seq.*

16      99.  Plaintiff has been personally aggrieved by Defendants' unlawful business acts and

17    practices, as alleged herein, including, but not limited to, the loss of money.

18      100.  Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is entitled to

19    restitution and a permanent injunction preventing Defendants from engaging in such unfair,

20    unlawful, and harmful conduct, an award of reasonable attorneys' fees pursuant to Code of Civil

21    Procedure § 1021.5 and other applicable laws, and an award of costs.

## VII.  PRAYER

23    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and

24    severally, as follows:

25      1.  For compensatory, general, and special damages, according to proof;

26      2.  For punitive and exemplary damages, according to proof;

27      3.  For all unpaid wages, including regular wages, overtime wages, meal break premium

28         wages, and rest break premium wages;

4. For statutory and civil penalties, including waiting time penalties, under the Labor Code, to the extent applicable by law;

5. For pre-judgment and post-judgment interest;

6. For reasonable attorneys' fees pursuant to the Labor Code, Code of Civil Procedure § 1021.5, and to the extent applicable by law;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

Dated: June 16, 2022

KONELL RUGGIERO LLP.

*Cheryl Ruggiero*

Cheryl Ruggiero
Attorneys for Plaintiff MELISSA EPSTEIN

- 19 -

## DEMAND FOR JURY TRIAL

Plaintiff herein demands trial by jury.


Dated: June 16, 2022

                    KONELL RUGGIERO LLP

                    _CMURuggiero_

                    Cheryl Ruggiero
                    Attorneys for Plaintiff MELISSA EPSTEIN

- 20 -

FIRST AMENDED COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 07:32 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV16574

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** MAKE-UP ART COSMETICS, INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation; ESTÉE LAUDER INC., a Delaware
Corporation; THE ESTÉE LAUDER COMPANIES INC., a Delaware Corporation;
and DOES 1 – 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MELISSA EPSTEIN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of California, County of Los Angeles | 22STCV16574 |
| 111 North Hill Street | |
| Los Angeles, California 90012    (Stanley Mosk Courthouse) | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cheryl Ruggiero / Konell Ruggiero LLP
401 Wilshire Boulevard, 12th Floor, Santa Monica, CA 90401            213-538-1360

| DATE: 05/19/2022 | Clerk, by | R. Clifton | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MAKE-UP ART COSMETICS, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | Westlaw Doc & Form Builder |

[SEAL]

Electronically Filed by Superior Court of California, County of Los Angeles on 05/19/2022 07:32 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk **CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 22STCV16574 | FOR COURT USE ONLY |
|---|---|

Cheryl Ruggiero    SBN: 146885
Konell Ruggiero LLP
401 Wilshire Boulevard, 12th Floor, Santa Monica, CA 90401
TELEPHONE NO.: 213-538-1360    FAX NO. *(Optional)*: 213-599-3222
E-MAIL ADDRESS: cheryl@konellruggiero.com
ATTORNEY FOR *(Name)*: Plaintiff MELISSA EPSTEIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: MELISSA EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22STCV16574 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 19, 2022
Cheryl Ruggiero
(TYPE OR PRINT NAME)          ► *Cheryl Ruggiero* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) |
|---|

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |

| | | | |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct -- Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| EPSTEIN v. MAKE-UP ART COSMETICS, INC. et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>6600 Topanga Canyon Boulevard |
|---|---|
| **CITY:**<br>CANOGA PARK | **STATE:** CA | **ZIP CODE:** 91303 | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the <u>Central (Stanley Mosk Court)</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>05/19/2022</u>            _CMRungrero_____

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1   5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2       Electronic filing service providers must obtain and manage registration information for persons

3       and entities electronically filing with the court.

4   6)  TECHNICAL REQUIREMENTS

5       a)  Electronic documents must be electronically filed in PDF, text searchable format **when**

6           technologically feasible without impairment of the document's image.

7       b)  The table of contents for any filing must be bookmarked.

8       c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9           exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10          3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11          item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12          bookedmarked item and briefly describe the item.

13      d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14          limited to, the following:

15          i)    Depositions;

16          ii)   Declarations;

17          iii)  Exhibits (including exhibits to declarations);

18          iv)   Transcripts (including excerpts within transcripts);

19          v)    Points and Authorities;

20          vi)   Citations; and

21          vii)  Supporting Briefs.

22      e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23          encouraged.

24      f)  Accompanying Documents

25          Each document acompanying a single pleading must be electronically filed as a **separate**

26          digital PDF document.

27      g)  Multiple Documents

28          Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11       i)    Any printed document required pursuant to a Standing or General Order;

12       ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13             pages or more;

14       iii)  Pleadings and motions that include points and authorities;

15       iv)   Demurrers;

16       v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi)   Motions for Summary Judgment/Adjudication; and

18       vii)  Motions to Compel Further Discovery.

19   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents.  Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22 10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23   a) Fees and costs associated with electronic filing must be waived for any litigant who has

24       received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25       1010.6(d)(2).)

26   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27       section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28       electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1 | 11)  SIGNATURES ON ELECTRONIC FILING

2 | For purposes of this General Order, all electronic filings must be in compliance with California

3 | Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4 | Division of the Los Angeles County Superior Court.

5 |

6 | This First Amended General Order supersedes any previous order related to electronic filing,

7 | and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8 | Supervising Judge and/or Presiding Judge.

9 |

10 | DATED:  May 3, 2019   

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/19/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV16574 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Barbara M. Scheper | 30 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/19/2022
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/02/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Wilson _____ Deputy |
| **PLAINTIFF(S):**<br>Melissa Epstein | |
| **DEFENDANT(S):**<br>Make-Up Art Cosmetics, Inc. et al | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)** | **CASE NUMBER:**<br>22STCV16574 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 06/02/2022_____, an order was made that the above-entitled action, previously assigned to Barbara M. Scheper _____, is now and shall be assigned to Stephen I. Goorvitch_____as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department 39_____ at Stanley Mosk Courthouse_____ (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/02/2022_____          By C. Wilson_____

Deputy Clerk

## NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE
## (Vacate Dates)

(Proposed LACIV 253)
LASC Approved [00/00]

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 30

22STCV16574
**MELISSA EPSTEIN vs MAKE-UP ART COSMETICS, INC., et al.**

June 2, 2022
3:29 PM

Judge: Honorable Barbara M. Scheper          CSR: None
Judicial Assistant: C. Wilson                ERM: None
Courtroom Assistant: B. Byers                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Peremptory Challenge;

The Court reviews the Peremptory Challenge filed by Melissa Epstein (Plaintiff) on 05/24/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Stephen I. Goorvitch in Department 39 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Minute Order                                                                    Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/02/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Wilson _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Melissa Epstein | |
| DEFENDANT/RESPONDENT:<br>Make-Up Art Cosmetics, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV16574 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Cheryl  Ruggiero
Konell Ruggiero LLP
401 Wilshire Blvd
12th Floor
Santa Monica, CA  90401

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/2/2022

By:   C. Wilson
       Deputy Clerk

**CERTIFICATE OF MAILING**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Cheryl Ruggiero<br>Konell Ruggiero LLP<br>401 Wilshire Boulevard, 12th Floor, Santa Monica, CA 90401<br>e-mail: cheryl@konellruggiero.com<br>ph: 213-538-1360                    fax: 213-599-3222<br>ATTORNEY FOR (Name):Plaintiff MELISSA EPSTEIN | STATE BAR NUMBER:<br>146885 | Reserved for Clerk's File Stamp |
| --- | --- | --- |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER: MELISSA EPSTEIN

DEFENDANT/RESPONDENT: MAKEUP ART COSMETICS, INC. et al.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>22STCV16574 |
| --- | --- |

| Name of Judicial Officer: (PRINT)<br><br>Barbara M. Scheper | Dept. Number:<br><br>30 |
| --- | --- |
| ☒ Judge                     ☐ Commissioner                     ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

# DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: MELISSA EPSTEIN
    Name of Party

☒ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☐ Other: _____

Dated: May 20, 2022

*CMRuggiero*
Signature of Declarant

Cheryl Ruggiero
Printed Name

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____                    ➢    _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11                    **STIPULATION – EARLY ORGANIZATIONAL MEETING**                    Page 2 of 2

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

       i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii.  Include a brief summary of the dispute and specify the relief requested; and

       iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

       i.  Also be filed on the approved form (copy attached);

       ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

| Print | Save |
|---|---|

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Clear |
|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR PLAINTIFF)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR _____)

➤ _____

(ATTORNEY FOR _____)

➤ _____

(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____

JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

FILED
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

General Order Re                )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation   )   EXTENDING TIME TO RESPOND BY
Stipulations                   )   30 DAYS WHEN PARTIES AGREE
                               )   TO EARLY ORGANIZATIONAL
                               )   MEETING STIPULATION
                               )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)